**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| MICHELE BURNS, | ) | |
| *Plaintiff*, | ) | |
| | ) | Case No: 3:25-cv-00109-CHS |
| v. | ) | |
| | ) | |
| FRANK BISIGNANO, | ) | |
| Commissioner of Social Security | ) | |
| Administration, | ) | |
| *Defendant*. | ) | |

## <u>MEMORANDUM OPINION</u>

### I.     Introduction

Plaintiff Michele Burns ("Plaintiff") seeks judicial review under § 205(g) of the Social Security Act ("Act"), 42 U.S.C. § 405(g), from her denial of benefits and supplemental security income ("SSI") by the Commissioner of the Social Security Administration ("Commissioner") under Title II of the Act, 42 U.S.C. § 401-34 and Title XVI of the Act, 42 U.S.C. §§ 1381-83f. [*See* Doc. 1]. The parties consented to entry of final judgment by the undersigned United States Magistrate Judge, under 28 U.S.C. § 636(c), with an appeal to the Court of Appeals for the Sixth Circuit. [Doc. 12].

Each party has filed a brief seeking judgment in its favor pursuant to Rule 5 of the Federal Rules of Civil Procedure Supplemental Rules for Social Security [Docs. 14, 16, 17]. For reasons that follow, Plaintiff's request for relief [Docs. 14, 17] will be **GRANTED**, the Commissioner's request for relief [Doc. 16] will be **DENIED**, and the decision of the ALJ is **REMANDED**, under sentence four of 42 U.S.C. § 405(g).

## II.      Procedural History

On July 30, 2021, Plaintiff applied for disability insurance benefits under the Act, alleging disability as of March 19, 2019. (Tr. 16). Plaintiff amended the alleged onset date to July 30, 2020. (*Id.*). Plaintiff's claims were denied initially as well as on reconsideration. (*Id.*). As a result, Plaintiff requested a hearing before an administrative law judge. (*Id.*).

A hearing was held on October 11, 2023, that included Plaintiff's attorney. (*Id.*). Administrative Law Judge Joyce Francis ("ALJ") heard testimony from Plaintiff and a vocational expert ("VE"). (Tr. 43-64). The ALJ then rendered her decision on December 19, 2023, finding that Plaintiff was not under a "disability" as defined by the Act. (Tr. 16-30).

Following the ALJ's decision, Plaintiff requested that the Appeals Council review the denial, but that request was denied. (Tr. 1). Exhausting her administrative remedies, Plaintiff then filed her Complaint [Doc. 1] on March 17, 2025, seeking judicial review of the Commissioner's final decision under § 405(g). The parties filed competing briefs, and this matter is ripe for adjudication.

## III.     Findings by the ALJ

The ALJ made the following findings concerning Plaintiff's application for benefits:

1. The claimant last met the insured status requirements of the Social Security Act on December 31, 2021.

2. The claimant did not engage in substantial gainful activity during the period from her amended alleged onset date of July 30, 2020 through her date last insured of December 31, 2021 (20 CFR 404.1571 et seq.).

3. Through the date last insured, the claimant had the following severe impairments: obesity, coronary artery disease (CAD), carpal tunnel syndrome (CTS), degeneration of cervical disc, seronegative rheumatoid arthritis, arthritis, s/p right total knee partial meniscectomy, COPD, pulmonary hypertension, sarcoidosis, lung nodules, anxiety, and affective disorders (20 CFR 404.1520(c)).

2

4. Through the date last insured, the claimant did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, the undersigned finds that, through the date last insured, the claimant had the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b), except she can frequently push and pull with the bilateral lower extremities; can occasionally climb ramps and stairs; can never climb ladders, ropes, or scaffolds; can frequently balance as defined by the Selected Characteristics of Occupations in the Dictionary of Occupational Titles; can occasionally stoop, kneel, crouch, and crawl; can have frequent concentrated exposure to atmospheric conditions as defined in the Selected Characteristics of Occupations of the DOT; can frequently be exposed to extreme heat, extreme cold, humidity, and vibration; can never be exposed to unprotected heights or dangerous moving machinery; can alternate between sitting for 30 min and standing for 30 min during an 8-hour workday; and can frequently handle, finger, and feel bilaterally. She can sustain attention and concentration to complete simple tasks with regular breaks every 2 hours during an 8-hour workday and can adapt to routine work conditions and occasional workplace changes that are gradually introduced.

6. Through the date last insured, the claimant was unable to perform any past relevant work (20 CFR 404.1565).

7. The claimant was born on November 1, 1968 and was 53 years old, which is defined as an individual closely approaching advanced age, on the date last insured (20 CFR 404.1563).

8. The claimant has at least a high school education (20 CFR 404.1564).

9. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Through the date last insured, considering the claimant's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that the claimant could have performed (20 CFR 404.1569 and 404.1569a).

11. The claimant was not under a disability, as defined in the Social Security Act, at any time from July 30, 2020, the amended alleged onset date, through December 31, 2021, the date last insured (20 CFR 404.1520(g)).

(Tr. 16-30).

**IV.    Standard of Review**

This case involves an application for disability insurance benefits ("DIB"). An individual qualifies for DIB if she: (1) is insured for DIB; (2) has not reached the age of retirement; (3) has filed an application for DIB; and (4) is disabled. 42 U.S.C. § 423(a)(1).

The determination of disability is an administrative decision. To establish a disability, a plaintiff must show that she is unable to engage in any substantial gainful activity due to the existence of a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 423(d)(1)(A); *Abbot v. Sullivan*, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner employs a five-step sequential evaluation to determine whether an adult claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920. The following five issues are addressed in order: (1) if a claimant is engaging in substantial gainful activity, she is not disabled; (2) if a claimant does not have a severe impairment, she is not disabled; (3) if the claimant's impairment meets or equals a listed impairment, she is disabled; (4) if the claimant is capable of returning to work she has done in the past, she is not disabled; (5) if the claimant can do other work that exists in significant numbers in the regional or the national economy, she is not disabled. *Id.* If at one step, an ALJ makes a dispositive finding, the inquiry ends without proceeding to the next. 20 C.F.R. §§ 404.1520; 416.920; *Skinner v. Sec'y of Health & Human Servs.*, 902 F.2d 447, 449-50 (6th Cir. 1990). Once, however, the claimant makes a *prima facie* case that she cannot return to her former occupation, then the burden shifts to the Commissioner to show that there is work in the national economy that the claimant can perform considering her age, education, and work

4

experience. *Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 964 (6th Cir. 1984); *Noe v. Weinberger*, 512 F.2d 588, 595 (6th Cir. 1975).

The standard of judicial review is whether substantial evidence supports the Commissioner's findings and whether the Commissioner made any legal errors in the process of reaching the decision. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971) (adopting and defining substantial evidence standard in the context of Social Security cases); *Landsaw v. Sec'y of Health and Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). Even if there is contrary evidence, the Commissioner's findings must be affirmed if evidence exists to support the Commissioner's findings. *Ross v. Richardson*, 440 F.2d 690, 691 (6th Cir. 1971). Courts may not reweigh the evidence and substitute their judgment for that of the Commissioner because substantial evidence exists to support a different conclusion. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 548 (6th Cir. 1986)); *Crisp v. Sec'y, Health and Human Servs.*, 790 F.2d 450 n.4 (6th Cir. 1986). The substantial evidence standard allows considerable latitude to administrative decision-makers. It presupposes a "zone of choice" within which decision-makers can go either way without court interference. *Felisky*, 35 F.3d at 1035; *Crisp*, 790 F.2d 450 n.4.

Courts may consider any evidence in the record, regardless of whether the ALJ cited to it. *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). But courts may not consider evidence that was not before the ALJ. *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). Courts are also not obligated to scour the record for errors not identified by the claimant. *Howington v. Astrue*, No. 2:08-cv-189, 2009 WL 2579620, at *6 (E.D. Tenn. August 18, 2009) (stating that assignments of error not made by claimant were waived). Further, "issues which are 'adverted to

5

in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" *Kennedy v. Comm'r of Soc. Sec.*, 87 F. App'x 464, 466 (6th Cir. 2003) (quoting *United States v. Elder*, 90 F.3d 1110, 1118 (6th Cir. 1996)).

## V.    Analysis

Among other things, Plaintiff claims that the ALJ did not address the medical source opinion of Michael Ryan, M.D., in accordance with the regulations. [Doc 14 at 10]. Specifically, Plaintiff claims that the ALJ failed to evaluate Dr. Ryan's opinion under the supportability and consistency factors. [*Id.* at 16]. The Court addresses this challenge below, ultimately concluding that the ALJ's consideration of Dr. Ryan's medical opinion and the resulting RFC were not properly supported as required by the regulations. *See* 20 C.F.R. § 404.1520c.

Under the Social Security Regulations, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources." 20 C.F.R. § 404.1520c(a). However, the regulations do require the ALJ to assess medical opinions for persuasiveness. 20 C.F.R. § 404.1520c(a). A medical opinion is a "statement from a medical source about what you can still do despite your impairment(s)." *Robinson v. Comm'r of Soc. Sec.*, No. 22-1397, 2022 WL 17168444, at *2 (6th Cir. Nov. 22, 2022) (citing 20 C.F.R.§ 404.1513(a)(2)). "A medical opinion is distinct from 'objective medical evidence,' *id.* § 404.1513(a)(1), or 'other medical evidence,' *id.* § 404.1513(a)(3), neither of which is required to be considered or assessed for their persuasiveness, *see id.* § 404.1520c(a)." *Robinson*, No. 22-1397, 2022 WL 17168444, at *2 (cleaned up).

When examining medical opinions and prior administrative findings, an ALJ is required to articulate how persuasive they find each medical opinion in the record. 20 C.F.R. § 404.1520c. The most important factors the ALJ must consider and discuss when evaluating the persuasiveness

of a medical opinion are supportability and consistency. 20 C.F.R. § 404.1520c(a). Supportability involves how a medical source supports their own opinion through objective medical evidence and explanations. *Id.* at (c)(1). Consistency involves how the opinion compares with evidence from other medical and non-medical sources. *Id.* at (c)(2). Other factors the ALJ may but is not required to discuss when evaluating medical opinions are the relationship to the client, length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, examining relationship, specialization, and other factors "that tend to support or contradict a medical opinion or prior administrative medical finding." *Id.*

Dr. Ryan evaluated Plaintiff in November 2021, and found that Plaintiff could perform the exertional requirements of sedentary work: lifting and carrying up to ten pounds, sitting for six hours in an eight-hour work day, and standing or walking for two hours in an eight-hour work day. (Tr. 91). Dr. Ryan also concluded that Plaintiff could frequently push and pull with her bilateral lower extremities and occasionally perform all other postural activities, except that Plaintiff should never climb ladders, ropes, or scaffolds. (Tr. 91-92). Finally, Dr. Ryan found that Plaintiff had certain environmental limitations, and should avoid extreme cold; extreme heat; humidity; fumes, odors, dust, gases, poor ventilation; and hazards. (Tr. 92).

In evaluating Dr. Ryan's opinion, the ALJ stated:

> The undersigned has considered the opinion of the State agency medical consultant (Exhibit B3A). The undersigned does not find this opinion persuasive, as the medical evidence of record including objective medical evidence that showed mild degenerative changes in the cervical spine, and although the claimant has reported significant joint pain, in June 2021, Dr. Sizemore noted that overall, she is doing well with her joints but does have some morning stiffness. The examination also showed a normal gait and station, normal range of motion of shoulder and other joints, no synovitis, and no edema (Exhibits B25F/137-138, 184, 195-196), which supports a range of light exertion instead of sedentary exertion.

(Tr. 28).

7

Plaintiff argues on appeal that this analysis and the resulting RFC lack the support of substantial evidence because the ALJ did not properly discuss the factors of consistency and supportability. [Doc. 14 at 12].

The Court finds that the ALJ properly addressed consistency by discussing and citing to other function reports and treatment notes in the record. The ALJ specifically stated that she disagreed with Dr. Ryan's opinion because the objective medical evidence showed only mild degenerative changes in Plaintiff's cervical spine. (Tr. 28). Additionally, the ALJ compared Dr. Ryan's findings to Dr. Sizemore's notes, and stated that, while Plaintiff had described significant joint pain, Dr. Sizemore noted that Plaintiff was able to manage her joint pain overall. (*Id.*). Thus, the ALJ properly analyzed Dr. Ryan's opinion for consistency by comparing Dr. Ryan's opinion with other evidence in the record. *See Russell v. Comm'r of Soc. Sec.*, No. 2:23-CV-68-DCP, 2024 WL 3470850, at *5 (E.D. Tenn. July 19, 2024) (finding that the ALJ followed the regulations by simply explaining that the medical opinion was inconsistent with other parts of the record and "[t]he regulations do not require anything more.").

However, the ALJ does not discuss supportability. The ALJ begins with a sentence stating that she did not find the State agency medical consultant's (Dr. Ryan) opinion persuasive, and then compared Dr. Ryan's opinion to the other medical evidence in the record. (Tr. 28). This does not suffice. First, while the ALJ does make an observation about the insufficiency of Dr. Ryan's *conclusion*, she does not point to any failure on the part of Dr. Ryan to support his *opinion* through evidence and explanations. Second, even if the Court were to credit the ALJ's decision as addressing the issue of supportability, the Court notes that the decision falls well short of adequately addressing such issue. Next, the ALJ notes in the same paragraph that "the examination . . . supports a range of light exertion instead of sedentary exertion." (Tr. 28). This sentence also

does not suffice. The examination that the ALJ is referring to here was not administered by Dr. Ryan. (*See* Tr. 2879-3097). While this paragraph in the ALJ's opinion is difficult to follow, it appears the ALJ is comparing Dr. Ryan's conclusions to another doctor's examination, which would go to the consistency factor. Nowhere in the ALJ's opinion did the ALJ discuss how Dr. Ryan did or did not support his opinion through objective medical evidence. Therefore, the ALJ erred by failing to discuss the supportability of Dr. Ryan's opinion.

The Commissioner argues that substantial evidence supports the ALJ's decision not to adopt Dr. Ryan's lifting and standing/walking restrictions, which led to her conclusion that Plaintiff can perform a range of light work. [Doc. 16 at 4, 7]. The Commissioner then cites to several parts of the record and other parts of the ALJ's opinion to show that the ALJ was correct not to accept Dr. Ryan's limitations for Plaintiff. [*Id.* at 5]. For example, the Commissioner states that, because Plaintiff testified that her rheumatoid arthritis was the biggest factor as to why she could not work, the ALJ focused on Plaintiff's rheumatology records when discounting Dr. Ryan's opinion. [*Id.*]. Specifically, the Commissioner references records where Plaintiff stated she was doing well overall; had a normal range of motion and gait; was getting good results from her treatment regimen; had a normal physical examination; had no trouble standing from a seated position; and other examples to support that Plaintiff could perform light work. [*Id.* at 5-6]. However, many of these examples were not provided by the ALJ in her opinion, and they were not provided by the ALJ when discussing Dr. Ryan's medical opinion. Most importantly, even if the ALJ did discuss these points in conjunction with Dr. Ryan's opinion, they would go to the factor of consistency. Nowhere in the ALJ's opinion—or the Commissioner's brief—is there any discussion of how Dr. Ryan did or did not support his opinion through objective medical evidence. *See* 20 C.F.R. § 404.1520(c)(1); *Heidi E. v. Comm'r of Soc. Sec.*, No. 3:22-CV-282, 2023 WL 4699895, at *8 (S.D.

Ohio July 24, 2023) (finding that "the ALJ did not meaningfully explain the supportability of Ms. Hill's opinion with her own treatment notes" and thus the ALJ's opinion was not supported by substantial evidence). Thus, the ALJ's summary of Dr. Ryan's records does "little to explain the ALJ's reasoning or to provide sufficient rationale for a reviewing adjudicator or court." *See Gross v. Kijakazi*, No. 1:21-CV-00022, 2022 WL 4102774, at *7 (M.D. Tenn. Aug. 19, 2022), report and recommendation adopted, No. 1:21-CV-00022, 2022 WL 4097708 (M.D. Tenn. Sept. 7, 2022) (internal quotation marks omitted).

The examples that the Commissioner provides to show why the RFC prescribed by the ALJ was correct do not negate the fact that the ALJ failed to discuss the supportability of Dr. Ryan's opinion. The Commissioner's argument results in "outlin[ing] a theoretical path that the ALJ could have followed had she properly applied the regulations requiring that she explain how [she] considered the supportability and consistency factors for a medical source's opinions." *Hardy v. Comm'r of Soc. Sec.*, 554 F. Supp. 3d 902, 908 (E.D. Mich. 2021) (internal quotation marks omitted). This is insufficient to show that the ALJ complied with the regulations. While there may be substantial evidence to support the ALJ's conclusion, "[i]t is not the role of a reviewing court to comb the record and imagine manifold ways in which the factors could have been applied to the evidence that was presented." *Id.* at 909.

This Court finds that the ALJ failed to properly analyze Dr. Ryan's opinion for supportability. Consequently, the ALJ did not comply with the regulations governing consideration of medical evidence. If an ALJ fails to follow agency rules and regulations, as they did here, we find a lack of substantial evidence, even if there is evidence in the record to support the ALJ's ultimate conclusion. *See Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016). Remand of Plaintiff's claim is therefore necessary for reconsideration of Dr. Ryan's opinion

to allow the ALJ to fully consider and explain the evidence in accordance with the regulations.

The Social Security Act authorizes "two types of remand: (1) a post judgment remand in conjunction with a decision affirming, modifying, or reversing a decision of the [Commissioner] (a sentence-four remand); and (2) a pre-judgment remand for consideration of new and material evidence that for good cause was not previously presented to the [Commissioner] (a sentence-six remand)." *Faucher v. Sec'y of Health and Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994) (citing 42 U.S.C. § 405(g)). Under a sentence-four remand, the Court has the authority to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner . . . , with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Where there is insufficient support for the ALJ's findings, "the appropriate remedy is reversal and a sentence-four remand for further consideration." *Morgan v. Astrue*, 10–207, 2011 WL 2292305, at *8 (E.D. Ky. June 8, 2011) (citing *Faucher*, 17 F.3d at 174); *see also White v. Comm'r of Soc. Sec.*, 312 Fed. Appx. 779, 790 (6th Cir. 2009) ("If a court determines that substantial evidence does not support the [Commissioner's] decision, the court can reverse the decision and immediately award benefits only if all factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." (internal quotations omitted)). Here, there is insufficient support for the ALJ's findings, and the factual issues have not been resolved. This matter shall therefore be remanded for rehearing under sentence four.

## VI.     Conclusion

Having reviewed the administrative record and the parties' briefs, Plaintiff's request for relief [Docs. 14, 17] will be **GRANTED**, the Commissioner's request for relief [Doc. 16] will be **DENIED**, and the decision of the ALJ is **REMANDED**, under sentence four of 42 U.S.C. § 405(g).

11

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE